[711 NYS2d 785]

In the Matter of PETER LAWRENCE KATZ, an Attorney, Resignor.

Second Department, July 17, 2000

**APPEARANCES OF COUNSEL**

*Richard E. Grayson,* White Plains, for resignor.

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Peter Lawrence Katz has submitted an affidavit dated April 21, 2000, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Katz was

admitted to the practice of law at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 30, 1991.

Mr. Katz is aware that he is the subject of a pending investigation into allegations of professional misconduct concerning his failure to cooperate with the Grievance Committee's lawful investigation, his neglect of legal matters entrusted to him, and his conduct involving dishonesty, deceit, or misrepresentation. He acknowledges that he could not successfully defend himself on the merits against charges predicated on the aforesaid allegations. He avers that his resignation is submitted voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission.

Mr. Katz is further aware that this Court, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for same. He acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of the respondent's affidavit of resignation as in the best interest of the public and as the most expeditious way to conclude this matter.

As the proffered resignation complies with all pertinent Court rules, it is accepted and the respondent is disbarred, and his name stricken from the roll of attorneys and counselors-at-law, effective immediately.

O'BRIEN, J. P., RITTER, SANTUCCI, JOY and SCHMIDT, JJ., concur.

Ordered that the resignation of Peter Lawrence Katz is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter Lawrence Katz is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Peter Lawrence Katz shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter Lawrence Katz is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.